IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GREGORY LEE, AIS # 184070, :

    Plaintiff, :

vs. : CIVIL ACTION 10-0467-WS-C

CAPTAIN NETTLES, :

    Defendant.

## REPORT AND RECOMMENDATION

This 42 U.S.C. § 1983 action, filed by an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. For reasons set forth below, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).[1]

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on *3 or more* prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury*. (Emphasis added).

In a previous action filed in this Court by this Plaintiff, Lee v. Hendrick, 2010 WL 4054119 (S.D. Ala. 2010), he was identified as having *six* strikes, that is, six prior cases filed in

---

[1] In light of this Report and Recommendation, the Order dated September 20, 2010, (Doc. 4), granting Plaintiff's Motion to Proceed Without Prepayment of Fees is **RESCINDED**.

1

federal court that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief could be granted. In that action, the Court stated:

> During the screening of this action under 28 U.S.C. § 1915(e)(2)(B), the Court discovered that, after reviewing the records of the United States District Court for the Southern, Middle, and Northern Districts of Alabama, plaintiff has six actions that were previously dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. See Lee v. Aycock, CA 97-1806-UWC-TMP (N.D. Ala. Apr. 10, 1998); Lee v. Haley, et al., CA 00-0985-MHT-VPM (M.D. Ala. Sept. 8, 2000); Lee v. Haley, et al., CA 02-1343-WHA-VPM (M.D. Ala. Jan. 29, 2003); Lee v. Holt, et al., CA 03-1055-ID-VPM (M.D. Ala. Dec. 16, 2003); Lee v. Smith, et al., CA 03-1237-SLBTMP (N.D. Ala. Apr. 20, 2006); and Lee v. Campbell, et al., CA 03-1812-IPJ-TMP (N.D. Ala. May 1, 2006). In addition to these dismissals, Public Access to the Courts Electronic Records ("PACER") reflects that twenty-six complaints filed by plaintiff were dismissed pursuant to § 1915(g) because he did not pay the filing fee when he initiated these actions. PACER's records also show that plaintiff has filed a total of sixty-one actions under his name or under the name of Gregory Keith Lee. Presently, plaintiff has seven § 1983 actions pending in the three federal district courts of Alabama, which includes the instant action.

Lee, 2010 WL 4054119, *1. Finding that Plaintiff had failed to satisfy the exception to § 1915(g) by showing that he was "under imminent danger of serious physical injury" at the time that he filed his action, the Court recommended that the action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). Id. at 2. The District Court adopted that recommendation in Lee v. Hendrick, 2010 WL 4046054 (S.D. Ala. 2010).

Likewise, in the present action, in order for Plaintiff to avoid § 1915(g)'s application, it is incumbent on him to satisfy the exception to § 1915(g) by alleging specific facts showing that, at the time of filing this action, he was "in imminent danger of serious physical injury." Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time).

2

In his complaint, Plaintiff alleges that, at some time in "2010," he was assaulted at Bullock Correctional Facility ("Bullock") by Warden Louis Boyd, Captain Nettles,[2] Sergeant Jackson, Lieutenant Speak, Captain Perkins, Sergeant Williams, and Warden Hote. (Doc. 1 at 4). Plaintiff claims that, after being placed in the segregation unit at Bullock, he was stripped down, put in a security gown, and doused with cold water from a bucket. (Id.). Plaintiff also states that Warden Boyd slapped him for no reason and called his mother a "bitch." (Id.). Plaintiff states that he remained in the segregation unit for three months. (Id.).

Plaintiff's complaint in this case is dated July 25, 2010. (Id. at 7). It was received in this Court for filing on August 25, 2010.[3] On July 25, 2010, when Plaintiff signed and dated his complaint, he was no longer incarcerated at Bullock, but, rather, he was incarcerated at that time at Fountain Correctional Facility. (Id.). Moreover, on August 23, 2010, when the complaint was mailed to this Court, and August 25, 2010, when the complaint was received by the Court for filing, Plaintiff was incarcerated at Easterling Correctional Facility, not Bullock. (Id. at 8). Therefore, Plaintiff's alleged mistreatment at Bullock in "2010" is not an event that will qualify him for § 1915(g)'s imminent danger exception because the alleged event occurred at a time prior to the complaint's filing and did not represent an ongoing danger. See Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) (the "Eleventh Circuit[] [has] determined that a prisoner must allege a *present* imminent danger, as opposed to a *past* danger, to proceed under section 1915(g). . . .") (emphasis added); Medberry, 185 F.3d at 1193 ("[N]othing [in the complaint] may properly be construed as constituting an allegation that [plaintiff] was in imminent danger of

---

[2] Captain Nettles appears to be the only defendant sued in this action. (Doc. 1 at 5).

[3] The envelope is postmarked August 23, 2010. (Doc. 1 at 8).

serious physical injury at the time he filed his Complaint or that he was in jeopardy of any ongoing danger."). See also Broadhead v. English, 2011 WL 482826, *2 (S.D. Ala. 2011) ("*by the time Plaintiff initiated this action*, he had been transferred for his own safety. Thus, Plaintiff's own allegations undercut any showing that he faced imminent danger of serious physical injury at the time he filed his Complaint.").

"To avoid § 1915(g)'s bar, 'the plaintiff must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient.'" Wilson v. Riley, 2011 WL 2604775, *2 (S.D. Ala. 2011) (citations omitted). Plaintiff's allegations in this case do not support a finding that he faced imminent danger of serious physical injury at the time of filing or that he was in jeopardy of any ongoing danger. To the contrary, Plaintiff has only alleged facts pertaining to a past incident at a previous facility, which does not satisfy § 1915(g)'s imminent danger exception.

Inasmuch as Plaintiff cannot avail himself of § 1915(g)'s exception, and he did not pay the $350.00 filing fee at the time he filed this action, Plaintiff's action is due to be dismissed without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that the proper procedure is dismissal without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time he initiates the action); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced). Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

The instructions that follow the undersigned's signature contain important information

regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 25th day of August, 2011.

                 s/WILLIAM E. CASSADY
                 **UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL
RIGHTS AND RESPONSIBILITIES FOLLOWING
RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1. **<u>Objection</u>**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en banc</u>). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[4] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED. R. CIV. P. 72(b)(2).